UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2007 NOV -1  P 12: 35

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| MARCAUREL PETIFORT<br><br>Plaintiff.<br><br>v.<br><br>CITY OF SOMERVILLE;<br>ROBERT BRADLEY, in his capacity as<br>CHIEF OF THE SOMERVILLE POLICE DEPT;<br>JOHN W. LEUCHTER, individually and in<br>his official capacity as an Employee, Agent, and/or<br>Officer of the SOMERVILLE POLICE DEPT;<br>WILLIAM CARR, individually, and in his official<br>capacity as an Employee, Agent, and/or Officer<br>of the SOMERVILLE POLICE DEPT.<br><br>Defendants. | 07 CA 12080 RCL |

### COMPLAINT

#### I.  INTRODUCTION

1.

 a. This is an action for money damages brought by the Plaintiff, pursuant to 42 U.S.C. § 1983, 1985 and 1988, the Fourth (and Fourteenth) Amendment(s) to the United States Constitution and the common law of the Commonwealth of Massachusetts against John W. Leuchter and William Carr, individually, and in their official capacity for tortious acts of excessive force, and intentional infliction of emotional distress.

 b. This is an action also brought by the Plaintiff, against the City of Somerville, and the Somerville Police Department, for damages

        for violations of their civil and constitutional rights as protected by M.G.L.c 12 §11I and Title 42 U.S.C. § 1983.

    c. Further, and pursuant to Massachusetts Claims Act, M.G.L.c 258 §§ 2 and 3, the Plaintiff sues the City of Somerville for Damages proximately resulting from its reckless, grossly negligent and negligent retention, supervision and assignment of John Leuchter and William Carr.

## II.  PARTIES

2. The Plaintiff, Marcaurel Petitfort is a citizen of the United States and a resident of the Commonwealth of Massachusetts.

3. The Defendant, City of Somerville is a municipal corporation created under the laws of the Commonwealth of Massachusetts and at all times relevant hereto employed the Defendants John W. Leuchter and William Carr. The Defendant, City of Somerville is responsible for and maintains the Somerville Police Department.

4. The Defendant Chief Robert Bradley is and was at all times relevant hereto the Chief of the City of Somerville Police Department. As such he is responsible for the overall training and conduct of the Somerville Police Department. He is also responsible by law for ensuring that the Somerville police officers obey the regulations of the Somerville Police Department and the laws of the Commonwealth of Massachusetts and the

United States. He was the chief policymaking official of the Somerville Police Department. He is named individually and in his official capacity.

5. The Defendant, John Leuchter at all times relevant hereto, is a resident of the Commonwealth of Massachusetts, and a duly appointed officer of the Somerville Police Department, acting under color of statutes, customs, ordinances and practices of the Commonwealth of Massachusetts, the City of Somerville, and the Somerville Police Department. He is named individually and in his official capacity.

6. The Defendant, William Carr at all times relevant hereto, is a resident of the Commonwealth of Massachusetts, and a duly appointed officer of the Somerville Police Department, acting under color of statutes, customs, ordinances and practices of the Commonwealth of Massachusetts, the City of Somerville, and the Somerville Police Department. He is named individually and in his official capacity.

### III. JURISDICTION AND VENUE

7. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth, Fifth, Eighth and Fourteenth amendments to the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343.

8. The Plaintiff further invokes supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367 and the pendent jurisdiction of this court to hear and decide claims arising under state law.

9. All parties are residents of Massachusetts. The municipal defendant is located in Massachusetts.

### IV. FACTUAL ALLEGATIONS

10. A presentment of the claims against the Commonwealth of Massachusetts and the Somerville Police Department pursuant to M.G.L. c 258 § 4 was made in a letter sent by first class and certified mail, return receipt requested, dated June 26, 2006, to The Honorable Joseph A. Curtatone, Mayor, Chief Robert Bradley of the Somerville Police Department, and on behalf of Officers Leuchter and Carr, which are under his command.

11. On the morning of February 12, 2005, the Plaintiff was at a residence located at 24 North Street, Apartment Number 33, Somerville, Middlesex County, Massachusetts.

12. At approximately 3:58 a.m. that morning, Officers Leuchter and Carr entered 24 North Street, Apartment Number 33, and placed the Plaintiff under arrest for violations of Massachusetts General Laws chapter 265 sec. 15B and 255 sec. 16 A.

13. At the time of the arrest of the Plaintiff, Defendants Leuchter and Carr used excessive force and pushed the Plaintiff down a flight of stairs, causing him severe injury.

14. The Defendants Leuchter and Carr then attempted to cover up their abuse by cleaning up the blood that spilled from the Plaintiff's body, and which existed in the area of Plaintiff's fall, so as to hide what they had done, and

4

15. support a false claim that the Plaintiff had slipped down the stairs on his own..

15. The Plaintiff has also suffered emotional distress as a result of the actions of the Somerville Police Department, as well as the assault and battery committed by Officer Leuchter and Carr against the Plaintiff and the deprivation of civil rights and denial of equal protection of the laws.

### V.   CAUSES OF ACTIONS

**COUNT I: EXCESSIVE FORCE DURING ARREST**
**(against John Leuchter)**

16. The Plaintiffs' repeats and incorporates the allegations of paragraphs 1 through 15.

17. The Defendant, John Leuchter arrested the Plaintiff, on February 12, 2005.

18. The Defendant, John Leuchter violated the Plaintiff's Fourth Amendment rights by using excessive force, when during the course of the arrest of Plaintiff, Defendant pushed him down a flight of stairs causing him severe injury.

19. The excessive force that was used by Defendant, John Leuchter against Plaintiff, during the arrest of Plaintiff was unreasonable and not tailored towards effectuating the taking of Plaintiff safely into custody.

20. At the time that Defendant John Leuchter pushed the Plaintiff down a flight of stairs, the Plaintiff was in handcuffs, and posed no threat to the safety of John Leuchter at that time.

21. At all times relevant to this complaint, the Plaintiff had a Fourth Amendment right not to be subjected to the use of excessive force by Defendant John Leuchter.

22. At all times relevant to this complaint, the Defendant John Leuchter, while acting under color of state law, used unreasonable and excessive force as described above.

23. As the direct and proximate result of the intentional use of excessive force by Defendant John Leuchter, the Plaintiff was deprived of his constitutional and statutory rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983, suffered serious and debilitating personal injuries and damages, experienced emotional distress and mental suffering, and has incurred other damage.

### COUNT II: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (against John Leuchter)

24. The Plaintiffs' repeats and incorporates the allegations of paragraphs 1 through 23.

25. The Defendant, John Leuchter intended by his actions to cause the Plaintiff emotional distress, or in the alternative, knew or should have known that emotional distress was the likely result of his actions.

26. The acts of John Leuchter in the aforementioned paragraphs were extreme and outrageous.

27. The acts of John Leuchter in the aforementioned paragraphs caused the Plaintiffs severe emotional and physical distress.

28. The Defendant, John Leuchter is liable to the Plaintiffs for compensatory and appropriate punitive damages for his tortuous misconduct.

### COUNT III: ASSAULT AND BATTERY
### (against John Leuchter)

29. The Plaintiff repeats and incorporates the allegations of paragraphs 1 through 28.

30. The actions of Defendant John Leuchter constitute the tort of assault and battery under the laws of the Commonwealth.

31. As the direct and proximate result of the intention acts of Defendant John Leuchter, the Plaintiff suffered serious and debilitating personal injuries and damages, experienced emotional distress and mental suffering, and has incurred other damage.

### COUNT IV: EXCESSIVE FORCE DURING ARREST
### (against William Carr)

32. The Plaintiffs' repeats and incorporates the allegations of paragraphs 1 through 31.

33. The Defendant, William Carr arrested the Plaintiff, on February 12, 2005.

34. The Defendant, William Carr violated the Plaintiff's Fourth Amendment rights by using excessive force, when during the course of the arrest of

Plaintiff, Defendant pushed him down a flight of stairs causing him severe injury.

35. The excessive force that was used by Defendant, William Carr against Plaintiff, during the arrest of Plaintiff was unreasonable and not tailored towards effectuating the taking of Plaintiff safely into custody.

36. At the time that Defendant William Carr pushed the Plaintiff down a flight of stairs, the Plaintiff was in handcuffs, and posed no threat to the safety of William Carr at that time.

37. At all times relevant to this complaint, the Plaintiff had a Fourth Amendment right not to be subjected to the use of excessive force by Defendant William Carr.

38. At all times relevant to this complaint, the Defendant William Carr, while acting under color of state law, used unreasonable and excessive force as described above.

39. As the direct and proximate result of the intentional use of excessive force by Defendant William Carr, the Plaintiff was deprived of his constitutional and statutory rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983, suffered serious and debilitating personal injuries and damages, experienced emotional distress and mental suffering, and has incurred other damage.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### 7(against William Carr)

40. The Plaintiffs' repeats and incorporates the allegations of paragraphs 1 through 39.

41. The Defendant, William Carr intended by his actions to cause the Plaintiff emotional distress, or in the alternative, knew or should have known that emotional distress was the likely result of his actions.

42. The acts of William Carr in the aforementioned paragraphs were extreme and outrageous.

43. The acts of William Carr in the aforementioned paragraphs caused the Plaintiff severe emotional and physical distress.

44. The Defendant, William Carr is liable to the Plaintiffs for compensatory and appropriate punitive damages for his tortuous misconduct.

## COUNT VI: ASSAULT AND BATTERY
### (Against William Carr)

45. The Plaintiff repeats and incorporates the allegations of paragraphs 1 through 44.

46. The actions of Defendant William Carr constitute the tort of assault and battery under the laws of the Commonwealth.

47. As the direct and proximate result of the intention acts of Defendant William Carr, the Plaintiff suffered serious and debilitating personal injuries and damages, experienced emotional distress and mental suffering, and has incurred other damage.

### COUNT VII: VIOLATIONS OF M.G.L. c 12 §11I
### (against John Leuchter, and William Carr)

48. The Plaintiff repeats and incorporates herein the allegations of paragraph 1 through 47.

49. The Defendants, John Leuchter, and William Carr, based upon the aforementioned allegations, violated the Plaintiffs' rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution and under Article One, Ten, and Fourteen of the Declaration of Rights of the Constitution of the Commonwealth of Massachusetts.

50. The above actions of the Defendants were taken by means of threats, intimidation and coercion.

51. By their actions described herein, the Defendants violated the Plaintiff's rights as protected by G.L. c. 12 §11I, causing him injury.

52. The Defendants acted with malice or with reckless disregard for whether the Plaintiff's rights would be violated by their actions, causing him injury.

### COUNT VIII: VIOLATIONS OF 42 U.S.C § 1983
### (against City of Somerville, Chief Robert Bradley)

53. The Plaintiff repeats and incorporates herein the allegations of paragraph 1 through 52.

54. The Defendants, John Leuchter, and William Carr, acted under color of state law in effecting the arrest, using excessive force, without justification, violated the Plaintiff's rights against unreasonable seizure, arrest and search as protected by the Fourth and Fourteenth Amendments

of the United States Constitution, violated the Plaintiff's rights to equal protection of the law, as protected by the Fourteenth Amendment of the United States Constitution, violated the Plaintiff's rights to full and equal benefit of all laws protecting the security of persons and property, as provided by 42 U.S.C. §§ 1981 and 1983, and violated the Plaintiff's rights against cruel an unusual punishment, as protected by the Eighth Amendment of the United States Constitution.

55. The Defendants, City of Somerville, and the Chief Robert Bradley maintained a policy or custom of failing to reasonably train and supervise its police officers.

56. The Defendants City of Somerville and Chief Robert Bradley failed to reasonably train and supervise Defendants John Leuchter and William Carr in a manner that would prevent civil rights violations such as the ones alleged in this action.

57. Said actions by Defendants City of Somerville and Chief Robert Bradley evidenced a negligent and/or deliberate indifference to the rights of the Plaintiff.

58. The failure of the Defendants, City of Somerville, to train and/or supervise John Leuchter and William Carr directly and proximately caused the Plaintiff's rights to be violated.

59. The Defendants, acted with malice or with reckless disregard for whether the Plaintiff's rights would be violated by their actions.

### COUNT IX: MASSACHUSETTS TORTS CLAIMS ACT M.G.L. c. 258 §4
(against City of Somerville)

60. The Plaintiff repeats and incorporates herein the allegations of paragraph 1 through 59.

61. The City of Somerville owed a duty to exercise reasonable care, by its subdivision, the Somerville Police Department in the hiring, training and supervising of officers including Defendants John Leuchter and William Carr.

62. The City of Somerville by its subdivision the Somerville Police Department hired, trained, supervised and assigned John Leuchter and William Carr as members of the Somerville Police Department with such recklessness, gross negligence, and ordinary negligence as to render the City of Somerville liable for all proximately caused damages to the Plaintiff under M.G.L. c. 258.

63. Demand was made upon the appropriate chief executive officers of Defendant City of Somerville pursuant to G.L. c. 258, which demand has not been met by a reasonable offer of settlement.

### COUNT X: NEGLIGENT SUPERVISION
(against City of Somerville and Chief Robert Bradley)

64. The Plaintiff repeats and incorporates herein the allegations of paragraph 1 through 63.

65. The Defendants City of Somerville and its Chief of Police, Robert Bradley, owed a duty of reasonable care to the Plaintiff and to all citizens

who enter the limits of the municipality of Haverhill to properly and reasonably train and supervise its police officers.

66. Said defendants breached their duty by failing to properly train and supervise Somerville police officers including Defendants Leuchter and Carr. Said failure specifically includes the failure to adopt and implement reasonable procedures to prevent abuse of police authority, including the failure to adopt and the failure to supervise Somerville Police Officers adequately or properly which failure delivered a message to the individual police officers herein that there would be no departmental sanctions for engaging in misconduct.

67. Defendants' breach of duty proximately caused the Plaintiff's injury and damage.

68. As a direct and proximate result of thee acts, the Plaintiff was caused physical damages, great emotional distress, and suffered other damages.

**COUNT XI: CONSPIRACY TO VIOLATE CIVIL RIGHTS LAWS PURSUANT TO 42 U.S.C. §1985**
**(against Defendants John Leuchter and William Carr)**

69. The Plaintiff repeats and incorporates herein the allegations of paragraph 1 through 68.

70. This count is brought against Defendant Police Officers Leuchter and Carr, all individually, for conspiracy to violate 42 U.S.C. § 1985.

71. On or about February 12, 2005, the Defendant Police Officers, acting under the color of law, did conspire with each other for the purposes of

obstructing justice and depriving the Plaintiff of several constitutional rights.

72. At all times relevant, the Defendant Police Officers were acting together in their individual capacities while wearing the uniform of their respective police departments. In furtherance of said conspiracy, the Defendants performed the intentional aforementioned acts under color of law and without justification or authority.

73. Said conduct thereby deprived the Plaintiff of numerous federal constitutional rights, including, but not limited to, freedom from unreasonable seizure of his person under the Fourth Amendment, freedom from false accusations, freedom from excessive force, due process and equal protections under the Fifth and Fourteenth Amendments, privileges and immunities under Article IV and the Fourteenth Amendment, freedom from summary punishment, and freedom from intimidation and humiliation.

74. As a direct and proximate result of the aforesaid conspiracies of the Defendant Police Officers, who were acting under color of law, Plaintiff has suffered from, and will continue to suffer from, physical injuries, emotional distress, mental anguish and other damages.

### COUNT XII:  COMMON LAW CONSPIRACY TO VIOLATE CIVIL RIGHTS LAWS PURSUANT TO 12 §§ 11H AND 11I
(against Defendants John Leuchter and William Carr)

75. The Plaintiff repeats and incorporates herein the allegations of paragraph 1 through 75.

76. This Count is brought against Defendant Police Officers Leuchter and Carr, individually, for common law conspiracy to violate M.G.L. c.12 §§ 11H and 11I.

77. On or about February 12, 2005, the aforementioned Defendant police officers under the color of law, did conspire for the purposes of obstructing justice and depriving Plaintiff of several state and federal constitutional rights, by means of threats, intimidation and coercion in violation of M.G.L. c.12 §§11H and 11I.

78. As a direct and proximate result of the aforesaid conspiracies of the aforementioned Defendant Police Officers who were acting under color of law, the Plaintiff has suffered from, and will continue to suffer from physical injuries, emotional distress, mental anguish and other damages.

### DAMAGES

WHEREFORE the Plaintiff, pray this Honorable Court:

1. Award compensatory damages against the defendants jointly and severally;

2. Award punitive damages against Defendants Leuchter, Carr, and Chief Robert Bradley.

3.  Award the Plaintiff's compensation for his pain and suffering, emotional distress, land other expenses, in the amount determined by trial;

4.  Award the Plaintiff the cost of this action, including reasonable attorney fees in accordance with the law, including but not limited to 42 U.S.C. §1983 and M.G.L. c. 12 §11I;

5.  Award the Plaintiff such additional relief as may be appropriate under the special circumstances of the case.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on all counts of this complaint.

Respectfully submitted,
Marcaurel Petitfort
By his Attorneys,

Gordon W. Spencer, Esq.
B.B.O. # 630488
1256 Park Street, Suite 104
Stoughton, MA 02072

Nov. 1
Dated: ~~October~~ 4, 2007

Rudolph F. Miller, Esq.
B.B.O. # 565807
R. F. Miller & Associates, P.C.
406 South Huntington Avenue
Jamaica Plain, MA 02130

Dated: October 4, 2007